```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

JOSEPH L. WILLIAMS,

       Petitioner,        CIVIL ACTION NO. 05-CV-70785-DT
                            CRIMINAL ACTION   03-CR-81008-D1

       vs.

                            DISTRICT JUDGE BERNARD A. FRIEDMAN

                            MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES OF AMERICA,

       Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: The instant Motion to Vacate, Set Aside, or Correct Sentence should be denied as Petitioner has shown no violations of his federal constitutional rights from alleged errors in his guilty plea proceedings.

                                 *   *   *

       Petitioner, while a prisoner at the Federal Correctional Institute in Cumberland, Maryland, filed a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on March 2, 2005, alleging violations of his federal constitutional rights to due process incident to his guilty plea before United States District Court Judge Bernard Friedman. As a result of a Rule 11 plea bargain agreement, which fully set forth the promises made by both parties,[1] the Petitioner pled guilty on January 28, 2004, to

---

[1] In consideration of the plea, the parties agreed that the maximum custody sentence would not exceed 46 months. In addition, Petitioner agreed not to appeal the legality of the sentencing guidelines or challenge the accuracy of any factor stipulated to in

one count of possession of an unregistered destructive device in violation of 26 U.S.C. § 586(d), and one count of improper storage of explosive materials in violation of 18 U.S.C. 842(j). Petitioner was later sentenced to the custody of the Attorney General for a term of 46 months. As promised in the Rule 11 plea agreement, Petitioner did not file an appeal with the Sixth Circuit Court of Appeals.

In his Motion to Vacate, Petitioner asserts that the two level sentence enhancement he received for possession of a destructive device was cumulative and violated the double jeopardy clause. Petitioner also claimed that he received ineffective assistance of counsel prior to his guilty plea and later at sentencing. The Respondent filed an answer to the Motion to Vacate on April 7, 2005, contending that, since Petitioner had not raised the double jeopardy issue at either sentencing or on direct appeal, he had waived that claim and could not seek habeas relief. Respondent maintained that the overall performance of Petitioner's counsel was within the range of effective representation demanded of lawyers practicing criminal law, and that Petitioner had failed to demonstrate any prejudice resulting from alleged errors by counsel. Petitioner has not filed a reply to Respondent's Answer to date, although he was requested to do so.

---

the guideline worksheets. The district court later sentenced Petitioner to 46 months' imprisonment on Count one of the indictment (possession of an unregistered destructive device) and 12 months on Count two (improper storage of explosive materials), to be served concurrently (See Transcript of Plea Agreement at Docket #18).

Section 2255 provides that in an action to vacate or correct the sentence,[2] the court shall grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief . . . ."  The undersigned is persuaded that there is no merit to the Petitioner's assertions that his guilty plea was involuntary, or that the plea or sentence resulted from incompetent advice of counsel.

GUILTY PLEA PROCEEDINGS

Petitioner argues that the two level sentence enhancement he received for possession of a destructive device was cumulative and violated the double jeopardy clause.  He also maintains that his attorney was deficient in failing to object to the two level enhancement.  By pleading guilty, however, Petitioner knowingly waived his right to have a trial by a jury, to be presumed innocent until proven guilty, and to have the prosecutor prove his guilt beyond a reasonable doubt. Since a plea of guilty constitutes a waiver of several constitutional rights, it consequently must be made voluntarily and intelligently.  Boykin v. Alabama, 395 U.S. 238, 242 (1969); Henderson v. Morgan, 426 U.S. 637, 648 (1976).  In

---

[2] In order to prevail upon a section 2255 motion, the petitioner "must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001).

particular, a "plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences."  Machibroda v. United States, 368 U.S. 487, 493 (1962), quoting Kercheval v. United States, 247 U.S. 220 (1927). It has been stated that Boykin and Machibroda "set forth a three-pronged test:  The plea of guilty must be made voluntarily, it must be made after proper advice, and it must be made with full understanding of the consequences." Henderson v. Morgan, 426 U.S. at 653. (Rehnquist, J., dissenting).  The determination of whether the guilty plea was voluntarily and intelligently made must be "based on a comprehensive examination of the totality of the circumstances."   Berry v. Mintzes, 726 F.2d 1142, 1146 (6th Cir. 1984).

       The record in this case clearly reveals that Petitioner's plea was knowing and voluntary; that he consented in open court to the terms of the plea agreement; that he understood the consequences of his guilty plea, including the possible prison sentence; and that he consciously chose to plead rather than to go to trial. The record does not reveal any breach of agreement or other impropriety in the administration of the plea agreement. At the plea proceeding, Petitioner freely admitted that he manufactured a pipe bomb, and deliberately lit the wick of the device in an effort to see if it would explode. Even though Petitioner did not intend to injure anyone, the blast did wound a neighbor who happened to be walking nearby when the pipe bomb exploded. (See Plea Transcript held on May 10, 2004, at Criminal

Docket #19).  Williams was assisted by counsel within the terms of the Sixth Amendment, and it is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504 (1984).  As the Supreme Court has noted, "[t]o allow indiscriminate hearings in federal post-conviction proceedings, whether for federal prisoners under 28 U.S.C. § 2255 or state prisoners under 28 U.S.C. §§ 2241-2254, would eliminate the chief virtues of the plea system -- speed, economy, and finality." Blackledge v. Allison, 431 U.S. 63 (1977).

INEFFECTIVE ASSISTANCE OF COUNSEL

In order to establish an ineffective assistance of counsel claim, Petitioner has the burden of demonstrating that (1) his attorney made serious errors which undermined the proper functioning of the adversarial process, and that (2) but for those errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).  A defendant asserting a claim of inadequate counsel must satisfy both elements of the test; the defendant must demonstrate constitutionally inadequate assistance of counsel and prejudice resulting therefrom Id. at 697.  Judicial scrutiny of counsel's performance must be highly deferential, Id. at 689, and because of the difficulties in assessing counsel's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the

(Petitioner) must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (citing Michel v. New York, 350 U.S. 91, 101 (1955)).

Petitioner has not met his burden here. Upon review, I am persuaded that he has failed to show any serious errors or prejudice resulting from his attorney's performance. Counsel was not ineffective for failing to object to the two level enhancement for possession of the destructive device. Since the offense involved a destructive device, the base level was properly increased by two levels pursuant to section 2K2.1(b)(3) of the United States Sentencing Guidelines (U.S.S.G.). The commentary to this section of the guidelines specifically provides:

> A defendant whose offense involves a destructive device receives both the base offense level from the subsection applicable to a firearm listed in 26 USC §584(a), and a two level enhancement under subsection(b)(3). Such devices pose a considerably greater risk to the public welfare than other National Firearms Act weapons.
>
> U.S.S.G. §2K2.1 Note 11

Petitioner admittedly manufactured and possessed a pipe bomb, a destructive device. He detonated the bomb in a residential area, which resulted in significant injury to an innocent victim. Petitioner's conduct was dangerous and posed a great risk to the public's welfare. Congress intended such conduct to be penalized to a greater extent. The two level enhancement to the sentencing

guideline range was appropriate, and counsel was not ineffective in failing to object to it.

Nor was counsel ineffective in failing to appeal the sentence imposed by the Court. Given Petitioner's stipulation in the Rule 11 Agreement as to the accuracy of the information contained therein, including his criminal history and the offense variables used in the sentencing guideline calculation, his counsel should not be held responsible for neglecting to bring any alleged inaccuracies in that document to the attention of the court.  In addition, at paragraph 5 of the plea agreement, Petitioner waived his right to appeal his conviction or sentence.  Moreover, he has failed to demonstrate that the result of his case would have been different if his attorney had challenged the Pre-Sentence Report[3]. Counsel negotiated a respectable plea in light of the evidence against Petitioner, and the claim that Williams was denied the effective assistance of counsel in connection with his guilty plea and sentencing should be rejected.

For all the foregoing reasons, then, the undersigned recommends that the Motion to Vacate, Set Aside, or Correct Sentence be denied.  Given this recommendation, Plaintiff's Motion to Appoint Counsel (Docket #20) should be denied.  The parties are advised that any objection to this Report and Recommendation must

---

[3]Even if the two level enhancement pursuant to U.S.S.G. 2K2.1(b)(3) had not been applied to the guideline calculation in the instant case, the total offense level would have been reduced to 19 with a criminal history category of III.  This would have resulted in a guideline range of 37 to 46 months.  Petitioner was sentenced within that range.

be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Friedman's acceptance thereof is waived.

                                      s/Donald A. Scheer
                                      DONALD A. SCHEER
                                      UNITED STATES MAGISTRATE JUDGE

DATED: June 9, 2005

---

### CERTIFICATE OF SERVICE

      I hereby certify on June 9, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 9 5, 2005. Joseph L. Williams.

                                      s/Michael E. Lang
                                      Deputy Clerk to
                                      Magistrate Judge Donald A. Scheer
                                      (313) 234-5217